# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:19-CR-15-8 |
| | ) | |
| GARY W. HUBBS | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on July 6, 2020. At the hearing, Mr. Hubbs was present by video teleconference, as was his attorney, Mr. Michael Cabage. At the hearing, the parties orally moved to amend the plea agreement to include the second page of the plea agreement, which had been inadvertently omitted during filing. I **RECOMMEND** that the plea agreement be amended as such.

Additionally, Mr. Hubbs moved to withdraw his not guilty plea to Count One of the Superseding Indictment and entered a plea of guilty to the lesser included offense in Count One of the Superseding Indictment, that is, conspiracy to distribute and possession with the intent to distribute a mixture and substance containing a quantity of fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). Mr. Hubbs also moved to withdraw his not guilty plea to Count Two of the Superseding Indictment and entered a plea of guilty to Count Two of the Superseding Indictment, that is, conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h). Mr. Hubbs entered these guilty

1

pleas in exchange for the undertakings made by the government in the written plea agreement.

On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, in light of the agreement of the parties and the reasons stated by counsel on the record I **RECOMMEND** that the Court find that the plea hearing in this case could not be further delayed without serious harm to the interests of justice. I further **RECOMMEND** that defendant's motion to withdraw his not guilty plea to Count One of the Superseding Indictment and his not guilty plea to Count Two of the Superseding Indictment be granted. I **RECOMMEND** that his pleas of guilty to the lesser included offense in Count One of the Superseding Indictment, that is, conspiracy to distribute and possession with the intent to distribute a mixture and substance containing a quantity of fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and Count Two of the Superseding Indictment, that is, conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h), be accepted. I **RECOMMEND** that the Court adjudicate Mr. Hubbs guilty of the charge in the lesser included offense in Count One of the Superseding Indictment, that is, conspiracy to distribute and possession with the intent

to distribute a mixture and substance containing a quantity of fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and the charge in Count Two of the Superseding Indictment, that is, conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h), and that a decision on whether to accept the plea agreement be deferred until sentencing. I further **RECOMMEND** defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

_____
C. Clifford Shirley,
United States Magistrate Judge

## NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen (14) days after the plea hearing. Failure to file objections within fourteen (14) days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).

3

Case 3:19-cr-00015-KAC-DCP    Document 130    Filed 07/06/20    Page 3 of 3    PageID #: 317